CANNON, surviving partner, *vs.* CAMPBELL & JONES.

1. Where the payees, who were also endorsers, of an unconditional negotiable draft, at the time of its acceptance gave to the acceptors a release of all responsibility thereon, written on a separate paper, if the draft fell into the hands of an innocent holder for value before due, and the acceptors paid it to him, in a subsequent suit by the same payees against the same acceptors on another acceptance, the amount paid on the first draft could be set off against the action, no funds of the drawers being in hand.

(*a.*) If the first draft was presented by the payees themselves and paid at their instance and request, an action would lie for money so paid, and it could be set off against an action on the other draft.

2. Whilst the court in his charge should adhere as strictly as possible to the testimony as given, yet where the legal effect of what he does say is exactly the same as if he had employed the language of the testimony, it is not such error as works an injury and requires a new trial.

October 24, 1882.

Set-Off. Negotiable Instruments. Actions. Before Judge SIMMONS. Bibb Superior Court. April Term, 1882.

Cannon, surviving partner of Cannon & Co., brought complaint in the statutory form against Campbell & Jones on a draft, dated April 26, 1878, due seven months after date, drawn by Mann & Brown in favor of Cannon & Co., on Campbell & Jones, accepted by them. The amount of the draft was seventy-five dollars. The defendants pleaded the general issue, and also a special plea setting up substantially the following facts: On May 5, 1878, Mann & Brown drew upon them for one hundred and fifty-five dollars and seventy-four cents, payable to the order of Cannon & Co. Defendants refused to accept this draft, and only accepted it upon the agreement of Cannon & Co., in writing, that the defendants should not be held responsible for it. On October 8, when this draft fell due, Cannon & Co. having endorsed it, and it being presented by a third party, defendants paid it at the request of Cannon & Co., although they had no funds of Mann & Brown or of Cannon & Co. in their hands. Before the commencement of this suit, defendants offered to set off from the one hundred and fifty-five dollars and seventy-four cents so paid, the amount of the draft now sued on (seventy-five dollars). This Cannon & Co. agreed to allow, but the surviving partner has refused to carry out such agreement. Defendants have brought suit against the plaintiff for the difference between the draft paid (one hundred and fifty-five dollars and seventy-four cents) and that now sued upon; and they pray that the seventy-five dollars not included in their suit be set off against the present suit.

On the trial, the evidence showed, in brief, the following facts: Mann & Brown drew on Campbell & Jones, on April 26, 1878, for seventy-five dollars, payable seven months after date. This draft was accepted by the defendants, and is the one in suit. On May 5, 1878, Mann & Brown again drew on defendants in favor of Cannon & Co. for one hundred and fifty-five dollars and seventy-four cents, payable five months after date. Concerning the acceptance of this draft, D. B. Jones, one of the de-

fendants, testified as follows : " That draft was presented by Cannon & Co. for acceptance. At first we declined to accept it, and told Cannon & Co. we had already accepted for Mann & Brown as much as we cared to do. They (Cannon & Co.) told us to accept it any way, and they would give us a release, which they did, and we accepted the draft. It was presented at our office at maturity by somebody—I don't know whether by Cannon & Co.'s clerk or somebody else—and was paid by us." The release mentioned was as follows: " This is to certify that Campbell & Jones have this day accepted a draft, drawn by Mann & Brown, for one hundred and fifty-five dollars and seventy-four cents, dated May 5, 1878, due five months after date, for which acceptance we do not hold Campbell & Jones responsible," and was signed by Cannon & Co. Sometime afterwards the draft now sued on fell due, and when it was presented, defendants claimed the amount paid by them on the previous draft. At the time of the payment of the first draft, defendants did not owe Mann & Brown anything. They had in hand some cotton, and the proceeds of cotton, which Mann & Brown had shipped to them, but there were other drafts outstanding on which defendants were unconditionally liable, amounting to more than sufficient to absorb what was on hand.

On the trial in the county court, plaintiffs recovered a judgment, and defendants appealed. On the trial in the superior court, the jury found in favor of defendants' set-off. Plaintiff moved for a new trial, on the following among other grounds :

(1.) Because the verdict is contrary to law and evidence.

(2.) Because the court charged as follows: " If you believe from the evidence in this case that Cannon & Co. carried this draft of $155.00 to Campbell & Jones, and requested them to accept it for Mann & Brown, and they declined to do it, stating that they had already accepted

as much for that firm, Mann & Brown, as they could pay, and if you believe further, that then and there Cannon & Co. entered into a writing with Campbell & Jones, whereby they agreed not to hold Campbell & Jones bound for that $155.00 draft, and if you believe further, from the evidence, that Campbell & Jones, at the time when they accepted this draft for Cannon & Co., had already accepted as much as Mann & Brown could pay, and when the $155.00 draft become due, they paid it at the request of Cannon & Co., or if you believe it got into the hands of other parties, and was presented to them and they paid it, then I charge you that, under the law of this case, they would be entitled to their set-off. If you believe it got into the hands of a third party, and was presented by a third party, then they were bound to pay it—that $155.00 draft. If you believe it was presented by Cannon & Co., and Campbell & Jones paid it at their request, and they had no funds of Mann & Brown in their hands, or no funds of Cannon & Co. in their hands, then they would be entitled to their set-off, not on the draft, but on account of money paid out for the use of Cannon & Co."

The motion was overruled, and plaintiff excepted.

Samuel H. Jemison, for plaintiff in error.

R. W. Patterson, for defendants.

Jackson, Chief Justice.

1. The controlling question which this record makes is this : When one is sued on an accepted draft, can he set off thereto money paid out by him on a prior acceptance of another draft for the plaintiff, when the plaintiff, at the same date of the acceptance, gave him a release of all obligation to pay on a separate paper, if the draft fell into the hands of an innocent holder, and was paid to him, or when presented by the plaintiff, it was paid at his special instance and request? The court below so charged and

put the law of the case to the jury squarely there—on either of these alternatives, holding that the set-off is good.

The acceptor was bound to pay the draft if an innocent holder presented it, because on the face of it the acceptance was unconditional and the draft negotiable. Therefore, that payment being compulsory, he could set it off, no funds of the drawer being in hand, and the law making him liable on the draft.

If it was presented by the payee and paid on such presentation, it was money paid by the request of the payee, and an action for money paid out for his use at his special instance and request would lie. Therefore, in that event, he could set it off. So that in either case, as put by the court, the set-off was allowable, and there is enough evidence to authorize the charge and support the verdict.

2. But it is insisted by plaintiff in error that the court erred in charging on an assumed state of facts, and that such error demands a new trial.

Whilst the record does show that the testimony does not authorize the precise language used by the judge, yet the legal effect of the charge of the judge is fully sustained by it. This ground of error, therefore, rests on this principle, that if the precise language of the court does not accord with that of the witness, a new trial must be granted, though the legal effect of the charge, as made, be the same as if the judge had used the words in the evidence.

We cannot agree to the principle. Whilst it would be better that the court adhere to the testimony as strictly as possible, yet where the legal effect of what he does say is exactly the same as if he had employed the other language, it is not such error as ought to require a new trial.

The obvious reason is that the jury were not, and could not have been, misled, and thus the plaintiff in error was not hurt. And it is only for errors which hurt him that he

can complain.   If the court put the point of law upon facts which make the same case in law precisely as the facts sworn to by the witnesses, though varying language to make the point were intelligible to the jury, the error, if error at all, is harmless.

On an examination of the evidence and charge of the court, we cannot say that there is not evidence to support the verdict, or that the court erred as to the law to the detriment of the plaintiff in error.   The judgment must therefore be affirmed.

Judgment affirmed,